## In re MILL RUN LUMBER CO.
### No. 17381.

District Court, W. D. Pennsylvania.

May 1, 1933.

A. G. Richmond, of Meadville, Pa., referee.

Gordan B. Leberman, trustee.

Curtis L. Webb, of Meadville, Pa., for trustee.

Frank B. Quinn (of English, Quinn, Leemhuis & Tayntor), of Erie, Pa., for bankrupt and Stow Lumber & Coal Co.

Dickson Andrews, of Meadville, Pa., for objectors Paul H. and Mable Richard.

GIBSON, District Judge.

The Stow Lumber & Coal Company filed a claim against the bankrupt for $14,682.42. The referee has rejected the claim, and the matter has been certified for review.

We quite agree with the referee in his decision. It plainly appears from the testimony that the Mill Run Lumber Company was not an actual corporation, but was merely masquerading as such to enable the claimant, the Stow Lumber & Coal Company, to carry on a part of its business under a corporate fiction. The petition to the Governor for incorporation declares that $2,500 of the $25,000 capital of the proposed corporation had been paid into the treasury. As a matter of fact, the only money in the treasury of the Mill Run Lumber Company was $2,500 turned over to it by the Stow Lumber & Coal Company, at different times prior to incorporation, and the sums so advanced did not appear in a capital account (the Mill Run Lumber Company carried no such account in its books), but as charges against Mill Run and credits to the Stow Lumber & Coal Company. These advancements enter into the present claim of the Stow Lumber & Coal Company. The present position of the claimant seems to be that the Stow Lumber & Coal Company owned none of the Mill Run Lumber Company stock.

The testimony shows that the officers of the Stow Lumber & Coal Company filled the same positions in the Mill Run Lumber Company; and the books of each company were kept under the same supervision. The claimant, by circular, held out the bankrupt as a branch of itself.

When the bankruptcy court took over the effects of the bankrupt, its stock certificate book disclosed that 3 shares of its stock had been issued to the directors, one share to each, and 177 shares to the Stow Lumber & Coal Company. The claimant asserts that the stock appearing to be issued to the Stow Lumber & Coal Company had not actually been so issued, and that the ostensible issuance was intended as a mere memorandum. Even if the stock had been issued, such an issue would have been void, it asserts, because under the Pennsylvania law stock may not be issued in excess of the amount actually paid for. This latter proposition is quite correct

as a general proposition, but whether the claimant here, in view of all the circumstances, may avail itself of it to avoid liability, is questionable. To us it seems as though it matters little, in the instant matter, whether the claimant is the owner of the stock or not. It is impaled upon one horn of a dilemma, or the other. If regarded as the purchaser, it is liable for the unpaid par value, less the amount of the advancements; and if as not the purchaser, it was guilty of defrauding those who are really its own creditors by holding up to them a mere shell of a corporation—one which was supported by not one dollar of capital actually paid in. By such a device as was here used, debts cannot be shunted off.

The exceptions to the referee's ruling will be dismissed.